IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TITUS LEE,                            )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )      Civil Action No. 3:20CV318–HEH
                                      )
ANGELA MASTANDREA-MILLER,              )
*et al.*,                             )
                                      )
    Defendants.                       )

**MEMORANDUM OPINION**
(Dismissing with Prejudice *Bivens* Action)

Titus Lee, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this action invoking *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Lab'ys., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop statutory and constitutional claims *sua sponte* that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. LEE'S COMPLIANCE WITH THE COURT'S ORDER

By Memorandum Order entered on September 21, 2020, the Court directed Lee to file a particularized complaint. The Court instructed Lee as follows:

> In order to state a viable claim under *Bivens*,[] a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Williams v. Burgess*, No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010) (citing *Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004)). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not ... without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff's current allegations fail to provide the particular constitutional right that was violated by each defendants' conduct and also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, Plaintiff is placed on notice that civil tort actions are "not appropriate vehicles for challenging the validity of

3

> outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).
>
> Accordingly, Plaintiff is DIRECTED, within thirty (30) days of the date of entry hereof, to particularize his complaint in conformance with the following directions and in the order set forth below:
>
> a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:20CV318."
>
> b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
>
> c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.
>
> **<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

(ECF No. 14 at 1–2.) Although Lee filed a Particularized Complaint, he failed to follow the Court's specific directions. First, Lee identifies four Defendants in what the Court presumes is his first paragraph—Angela Mastandrea Miller, Jason McClendon, Adam Ulery, and Diane DeLuca. (ECF No. 15 at 1.) After each named Defendant he states "*et al.*" (*Id.*) Because the Court specifically directed Lee that his first paragraph "must contain a list of defendants," the Court will only consider the four named Defendants in the first paragraph as Defendants in the action.

Second, Lee was required to list in "separately numbered paragraphs" the facts that gave rise to his claims, and subsequently, in a different set of "separately captioned sections, Plaintiff must clearly identify each civil right violated" with a list of "each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him." (*Id.* at 2.) Instead of following any of the Court's directions, Lee provides rambling narratives that make little sense. Although Lee's refusal to follow the Court's directions alone warrants dismissal, Lee's claims are nonsensical and clearly lack merit and the Court instead will review his allegations.

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

In his rambling Particularized Complaint (ECF No. 15), Lee contends that the Defendants committed various errors during his criminal prosecution in this Court[1] and alleges the following:[2]

> Defendant Angela Mastandrea-Miller . . . deliberately and with malicious intent tricked and extorted the Plaintiff into an inescapable peril with prejudicial evidence, false evidence, and perjury to the grand jury! The record and evidence will and does show that there was misconduct and malice was implied in a federal criminal procedure and evidence! The Defendant along with the help of court-appointed counsel and his dereliction and disregard for the facts, induced the Plaintiff into a false and defective pleading that was illegal and unconstitutional with grave impact! The 5th and 6th Amendments give[] a citizen the right to a fair and impartial trial and the right to due process of the law and equal protection under the law! Not

---

[1] On June 13, 2019, Lee pled guilty to various drug distribution and firearm convictions. *See United States v. Lee*, No. 3:19CR36 (E.D. Va. June 13, 2019), ECF No. 49. On September 17, 2019, the Court sentenced Lee to 192 months of incarceration. *See id.* at ECF No. 98. Lee's criminal matter is currently pending on appeal before the United States Court of Appeals for the Fourth Circuit.

[2] The Court utilizes the pagination assigned to Lee's Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation and omits the emphasis in the quotations from the Particularized Complaint.

to be charged with what you think an person will and would plead to and violate his rights and then put into an unlawful criminal street gang without factual and real evidence to defend against! How was the trial or proceeding fair or impartial when the outcome was already fixed by the Defendant and court-appointed counsel! The Plaintiff was guilty when taken into custody!

Defendants Jason McClendon along with Adam Ulery . . . with an unknown person who was paid to employ some kind of illegal conspiracy with an African-American classification of gang banger, street predator, drug-dealer, firearms dealing criminal with illegal joinder of defendants and offenses, issues of facts, general intent, and reasonable and probable cause to break the law and gross negligence for the law that the Defendants are suppose[d] to uphold! The 14th Amendment says [that] all person[s] born or naturalized in the United States and subject to the jurisdiction thereof are citizens of the United States and states wherein they reside. "No state shall make or enforce any laws which shall abridge the privileges or immunities of citizens of the United States nor shall any state deprive any person of the law nor deny to any person within its jurisdiction the equal protection of the laws!" So inducement into any case-or-controversy that is what the 14th Amendment protect[s] the citizen from being put into conflicts of the laws that breach the rights of the citizen the evidence and the record will and does show that there are gross breach[es] of the Plaintiff's civil and constitutional rights!

Defendant Diane C. DeLuca . . . and Angela Mastandrea-Miller . . . with constructive malice and knowledge enter into a[] direct and criminal contempt to violate the Plaintiff's civil and constitutional rights to due process and equal protection of the laws by people who work and uphold the very laws that are in place to protect the citizen and guarantees that the citizen['s] rights are not breached nor encroach[ed] upon! Not because this person made mistakes in the past and he fits a[n] overreaching and gross suspect classification of a drug-dealing, firearm, gangbanger that once the Plaintiff was put into the criminal justice system, he was guilty without the benefit of a fair and impartial trial! The misjoinder of the Federal Rules of Criminal Procedure and Evidence to illegall[y] enhance someone into the Federal Bureau of Prisons with factual and tainted evidence that was proffer[ed] improper[ly] and prejudicial to say the least was not fair to the Plaintiff which never going to be looked at any different whatsoever! The race of the defendant put him into a[] fixed ratchet theory of citizenship and classification statute in the United States! The record and evidence shows the violations that took place with the proceedings!

The Defendants along with others conspired together to breach and violate a person of the essential rights of a fair and impartial trial and equal protection under the law of the Constitution! The Plaintiff, who is of African origin, has a hard time in regard[] to being looked upon as a citizen, so to be

> induced into a[n] implied and corrupt illegal suspect classification of a criminal to say with deceit and inconsistent defense and fraudulent and criminal coercion that put the Plaintiff into a prejudicial oppression can not be said to be fair or impartial nor was it going to be because the Defendants and others rigged up the outcome maliciously and premeditated before the outcome or the Plaintiff plead[ed] guilty because the Plaintiff was seen as a gangbanger and black he was guilty of something whether he did a crime or not. [H]e was guilty by affiliation to his family members who the record say[s] is a street gang, "High Society Hit Squad" which the Plaintiff has no affiliation with and was sentence[d] to being a part of! Can't be denied because its on the record! There was never going to be any justice for the Plaintiff from the evil use of the process which was used illegally to violate a citizen['s] right to life, liberty, and freedom!

(ECF No. 15 at 2–5.) Lee fails to identify the relief he seeks but, from the tenor of his Particularized Complaint, it appears that he wishes to invalidate his conviction and resulting sentence.

### III. ANALYSIS

Lee alleges that his constitutional claims arise under 28 U.S.C. § 1331. Because Defendants are federal officers, Lee apparently invokes *Bivens*. It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Lee's claims for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Lee's Particularized Complaint and the action will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

#### A. Prosecutorial Immunity

Prosecutorial immunity bars Lee's claims against Mastandrea-Miller, an Assistant United States Attorney. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Ehrlich v.*

7

*Giuliani*, 910 F.2d 1220, 1222 n.2 (4th Cir 1990) (explaining that *Imbler* and related cases apply with equal force to *Bivens* actions); *see also Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *3–4 (E.D. Va. Dec. 3, 2009). Prosecutorial immunity extends to actions taken while performing "the traditional functions of an advocate," *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted), as well as functions that are "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. To ascertain whether a specific action falls within the ambit of protected conduct, courts employ a functional approach, distinguishing acts of advocacy from administrative duties and investigative tasks unrelated "to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citation omitted); *Carter v. Burch*, 34 F.3d 257, 261–63 (4th Cir. 1994). Absolute immunity protects those "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273. Mastandrea-Miller's actions in obtaining an Indictment and presenting evidence against Lee were taken in her role as an advocate for the United States. *See Imbler*, 424 U.S. at 430 (holding that prosecutorial immunity extends to prosecutor's actions "in initiating a prosecution and in presenting the State's case"); *Carter*, 34 F.3d at 263 (observing "that the presentation of false testimony in court is a charge for which the prosecutor is

8

afforded absolute immunity") (citation omitted). Accordingly, Lee's claims against Mastandrea-Miller will be dismissed.[3]

### B. Quasi-Judicial Immunity

Similarly, quasi-judicial immunity bars Lee's claims against DeLuca. Lee presumably names DeLuca, a United States Probation Officer, for her role in preparing the Presentence Report in Lee's criminal case. However, quasi-judicial officers enjoy absolute judicial immunity when they act pursuant to a court directive, including preparing reports for the Court. *See Stankowski v. Farley*, 251 F. App'x 743, 746 (3d Cir. 2007) (finding probation officer was absolutely immune from suit for preparing a report for the trial court); *Lewis v. U.S. Probation Office, Eastern Dist. Of Va.*, No. 3:10CV650, 2011 WL 1813655, at *2 (E.D. Va. May 6, 2011) (explaining that probation officers are absolutely immune for damages arising out of official duties for the Court). Thus, Lee's claims against DeLuca will be dismissed.

### c. Lee's Remaining Allegations are Barred by *Heck*

The basic premise behind Lee's remaining allegations—that he may seek, through a civil suit, the vacation or alteration of his criminal convictions and sentence— "is legally frivolous in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07cv337, 2008 WL 1766665, at *2 (E.D. Va. Apr. 17, 2008). In *Heck*, the United Stated Supreme Court emphasized that civil tort actions are "not

---

[3] As previously discussed, Lee failed to properly name his defense attorney, Ali John Amirshahi as a Defendant. Even if he had, any claim would be legally frivolous, because a criminal defense attorney does not act under color of federal law and is not amenable to suit under *Bivens*. *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).

9

appropriate vehicles for challenging the validity of outstanding criminal judgments."

*Heck*, 512 U.S. at 486. The Supreme Court then held that:

> In order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (footnote omitted). The Supreme Court further required that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.[4]

The Supreme Court has extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997). In *Balisok*, the Supreme Court concluded that a challenge based upon the purported bias of the decision-maker, necessarily implied the invalidity of the sanction imposed by the decision-maker and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no

---

[4] Although *Heck* discusses a challenge brought pursuant to 42 U.S.C. § 1983 against state actors, the rationale in *Heck* and related cases applies with equal force to *Bivens* actions. *See Omar v. Chasanow*, 318 F. App'x 188, 189 n* (4th Cir. 2009) (citing *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

10

matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

*Heck* and related cases bar Lee's allegations seeking invalidation of his conviction and sentence as it is predicated on his assertion that his conviction and incarceration are improper. *See id.* at 79 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Lee also presents no allegation that the federal court has invalidated his current conviction. *Heck*, 512 U.S. at 486–87. Thus, Lee's claims are frivolous under *Bivens*. *Id.* at 81–82; *see Preiser*, 411 U.S. at 500 (holding that writ of habeas corpus is the sole federal remedy when an inmate challenges the fact of imprisonment and relief sought is finding that the inmate is entitled to release). Accordingly, Lee's remaining claims will be dismissed.[5]

### IV. CONCLUSION

Accordingly, Lee's claims and the action will be dismissed with prejudice for failure to state a claim and as legally frivolous. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

---

[5] The Court recognizes that certain Fourth Amendment claims for damages may be raised in a § 1983 or *Bivens* action. *See Heck*, 512 U.S. at 487 n.7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery and especially harmless error, . . . such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful." (internal citations omitted).) However, Lee's remaining allegations against McClendon and Ulery, who are presumably agents who helped secure his conviction, are too vague to discern a Fourth Amendment claim for relief.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Dec. 17, 2020
Richmond, Virginia

12